**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Dale E. Holloway, Jr.

 v.         Case No. 21-cv-205-JL

Hillsborough County Department of
Corrections Superintendent[1]

## REPORT AND RECOMMENDATION

Before the court is Dale E. Holloway's petition for writ of
habeas corpus (Doc. No. 1), challenging his pretrial detention
at the Hillsborough County Department of Corrections ("HCDOC").
The matter is here to determine whether the claims raised in the
petition are facially valid and may proceed.  See 28 U.S.C.
§ 2243; Rule 4 of the Rules Governing Section 2254 cases
("§ 2254 Rules"); § 2254 Rule 1(b); LR 4.3(d)(4)(A).

## § 2254 Rule 4 Review Standard

Pursuant to § 2254 Rule 4, a judge is required to promptly
examine any petition for habeas relief, and if "it plainly
appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court, the
judge must dismiss the petition."  Id.  "Federal courts are
authorized to dismiss summarily any habeas petition that appears

---

[1]The respondent in this action is Mr. Holloway's current
custodian, the Superintendent of the Hillsborough County
Department of Corrections.  All others named as respondents in
this action should be dropped as parties.

legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).  The court construes Mr. Holloway's pleadings liberally, in light of his pro se status.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

Mr. Holloway is in pretrial detention at the HCDOC for two criminal cases pending in New Hampshire state courts, State v. Holloway, No. 226-2019-cr-814 (N.H. Super., Hillsborough Cnty.-S.D.) ("Holloway I"), and State v. Holloway, No. 216-2019-cr-1856 (N.H. Super., Hillsborough Cnty.-N.D.) ("Holloway II").[2]  In Holloway I, Mr. Holloway has been charged with attempted murder and assault arising from a shooting at a church service in Pelham, New Hampshire.  He is represented by counsel in that case, and he has been held without bail in that proceeding since October 22, 2019.  The judge in that case is holding periodic status conferences.  See Holloway I, Jan. 14, 2021 Order.[3]  In Holloway II, Mr. Holloway is charged with assaulting the attorney who was representing him in Holloway I in October 2019, while they were meeting at the HCDOC.  Mr. Holloway has elected

---

[2]In addition, Mr. Holloway is subject to a warrant issued on a bail violation in Commonwealth v. Holloway, No. 1283-cr-00438 (Mass. Super., Plymouth), arising out of the charges at issue in Holloway I.

[3]The Holloway I court's January 14 order is available at https://www.courts.state.nh.us/caseinfo/pdf/Holloway/011421Holloway-Order.pdf (last visited March 12, 2021)

to represent himself in Holloway II at the trial scheduled for June 2021.  See Holloway II, Oct. 28, 2020 Order.[4]  The state courts in those cases have denied Mr. Holloway's motions to reduce his bail.

Mr. Holloway tested positive for COVID-19 at the HCDOC in early January 2021.  Mr. Holloway claims that his HCDOC confinement at this time violates his rights not to be subjected to indefinite detention, excessive bail, and cruel, unusual, and punitive conditions of pretrial confinement; that he has been denied access to effective, conflict-free representation in the pending state cases; and that his continued detention violates his rights to a speedy trial and to equal protection of the laws.  Mr. Holloway cites, in particular, the Fifth, Sixth, Eighth, and Fourteenth Amendments, as well as his rights under the New Hampshire Constitution.  In this action, he seeks review of the bail orders in both of his state criminal cases and an order releasing him on personal recognizance.

## Discussion

### I.   Proper Construction of Petition as Filed under § 2241

Mr. Holloway's petition does not cite any federal statute as authority for the relief requested.  The court docketed Mr.

---

[4]The Holloway II court's October 28 order is available at https://www.courts.state.nh.us/caseinfo/pdf/Holloway/102820Holloway-Order.pdf (last visited March 11, 2021)

Holloway's petition as having been filed under 28 U.S.C. § 2254. That docketing appears to have been mistaken.  Mr. Holloway does not satisfy the prerequisites for obtaining relief under 28 U.S.C. § 2254.  He is not in custody pursuant to a judgment of any state tribunal, and he is not challenging a conviction or sentence in any state case.  Those facts would provide grounds for dismissing Mr. Holloway's petition, if it were construed as a § 2254 petition.  See Bancroft v. Massachusetts, 525 F. Supp. 2d 237, 241 (D. Mass. 2007) (dismissing § 2254 petition raising speedy trial claims as petitioner was not challenging any state judgment of conviction, and because petitioner did not exhaust state remedies).

In light of Mr. Holloway's pro se status, his petition for a writ of habeas corpus may be liberally construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Section 2241 authorizes federal courts to entertain habeas petitions filed by inmates, including pretrial detainees in state facilities, asserting that they are in custody in violation of the Constitution or laws of the United States.  The type of claims asserted by Mr. Holloway include claims that could be litigated through a section 2241 petition, under certain circumstances.  See, e.g., McPherson v. Lamont, 457 F. Supp. 3d 67, 75 (D. Conn. 2020) (inmates in state custody "challenging the current health conditions of their confinement, which, they claim, have become unconstitutional because of the COVID-19

pandemic risk," who "are not attacking their underlying sentences," may invoke court's jurisdiction over § 2241 petitions for their claims).  Accordingly, the district judge should direct the clerk's office to update the docket to show that Mr. Holloway's petition was filed under 28 U.S.C. § 2241.

## II.   Exhaustion as to COVID-19 Claim and Bail Hearing Claims

Mr. Holloway's petition includes claims asserting that his confinement without an adequate bail hearing violates his right to due process, and that his confinement in conditions that have exposed him to COVID-19 infection violates his rights under the Eighth Amendment (which applies to convicted inmates) and the Fourteenth Amendment (which applies to inmates in pretrial detention).  Courts generally require inmates in state custody to fully litigate their federal claims through the state courts (that is, to exhaust their state remedies) before seeking relief under section 2241.  See Bancroft, 525 F. Supp. 2d at 241; see also Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010).

> To satisfy § 2241's exhaustion requirement, a petitioner must "raise all claims in state court prior to raising them in a federal habeas corpus petition," and, in doing so, "'fairly present' each claim for habeas relief in 'each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.'"  Put otherwise, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."

McPherson, 457 F. Supp. 3d at 76 (citations omitted).

The jurisprudential exhaustion requirement under section 2241 "'protect[s] the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions'" and "'limit[s] federal interference in the state adjudicatory process.'"  Hartfield v. Osborne, 808 F.3d 1066, 1073 (5th Cir. 2015).  Federal claims that have been fully exhausted will more often than not be accompanied by a complete factual record that aids the federal court in its review of those claims.  See Rose v. Lundy, 455 U.S. 509, 519 (1982).

Mr. Holloway appears to be in the process of exhausting his bail hearing and COVID-19 claims in the state courts at this time.  He filed motions in Superior Court to reduce bail in his criminal cases, and those motions were denied.  In addition, on February 21, 2021, less than one month prior to the date of this Order, Mr. Holloway filed a state habeas petition in the New Hampshire Supreme Court ("NHSC"), raising claims similar to those asserted here.  See State v. Holloway, No. 2021-0054 (N.H., filed Feb. 18, 2021).  The NHSC has not issued any ruling on that petition.  Accordingly, Mr. Holloway has not completely exhausted all available state remedies as to the claims raised in his section 2241 petition.

Nor does it appear that any exception to the exhaustion requirement applies here.  "'Exceptions to the exhaustion requirement are appropriate where . . . remedies either are unavailable or wholly inappropriate to the relief sought, or

where the attempt to exhaust such remedies would itself be a patently futile course of action.'" <u>Fuller v. Rich</u>, 11 F.3d 61, 62 (5th Cir. 1994) (citation omitted).  Exceptions to the exhaustion requirement arise only in "'extraordinary circumstances,'" and petitioner bears the burden of demonstrating the futility of exhausting state remedies.  <u>Id.</u> (citations omitted).  <u>See, e.g.</u>, <u>Cuevas v. Pennsylvania</u>, No. 1:19-CV-1733, 2020 U.S. Dist. LEXIS 68609, at *10, 2020 WL 1911511, at *3 (M.D. Pa. Apr. 20, 2020) (declining to excuse section 2241 exhaustion requirement for pretrial detainee asserting speedy trial, ineffective assistance of counsel, and excessive confinement claims).

One way that an inmate could demonstrate futility is by demonstrating that the delay attending exhaustion would expose him or her to catastrophic health consequences.  <u>See</u> <u>McPherson</u>, 457 F. Supp. 3d at 76.  Here, Mr. Holloway asserts that he fears he is at risk for "severe health complications" or "sudden death" while confined at the HCDOC during the COVID-19 pandemic. In support of that assertion, he has filed a lab report as an exhibit, stating that on January 4, 2021, he tested positive for COVID-19 at the HCDOC.  Documents filed by counsel on Mr. Holloway's behalf in <u>Holloway I</u> report that Mr. Holloway has a history of asthma.[5]  In the record before this court, however, it

---

[5]<u>See</u> Apr. 2, 2020 Mot. for Bail H'g, <u>Holloway I</u>, at https://www.courts.state.nh.us/caseinfo/pdf/Holloway/040220Hollo

is not clear whether Mr. Holloway has suffered any substantial
or persistent symptoms or effects of COVID-19 infection at any
time since testing positive in January 2021.[6]  Neither the COVID-
19 pandemic, nor Mr. Holloway's January 4, 2021 positive COVID-
19 test result provides a ground for finding at this time that
requiring him to complete the process of exhausting his state
remedies would be futile or otherwise inappropriate under the
circumstances.  Moreover, nothing before this court suggests
that Mr. Holloway will be unable to exhaust the claims asserted
in this case in his pending state court proceedings, without
delay.  Accordingly, the district judge should dismiss Mr.
Holloway's § 2241 petition for a writ of habeas corpus, without
prejudice, for lack of exhaustion.


III. Younger Abstention

     As the court should dismiss the petition for lack of
exhaustion, the court need not address at this time whether
abstention is required under Younger v. Harris, 401 U.S. 37

---

way-mot.pdf (last accessed March 11, 2021).

     [6]The N.H. Department of Health and Human Services ("DHHS")
has listed the Hillsborough County House of Corrections as the
locus of a current COVID-19 outbreak.  See DHHS COVID-19 Update
– March 11, 2021, at https://www.nh.gov/covid19/news/updates.htm
(last accessed March 12, 2021).  As of March 11, 2021, there
were 20 resident cases and 2 staff cases at the facility.  Id.
A prior outbreak at the same facility, which had been ongoing at
the time of Mr. Holloway's positive test result in January 2021,
came to an end on February 11, 2021.  Id.

(1971), with respect to Mr. Holloway's claims.  This court notes, however, that "'[c]ourts have consistently applied the Younger doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances.'"  Graham v. Maine, No. 2:20-cv-00315-JDL, 2020 U.S. Dist. LEXIS 184185, at *3, 2020 WL 6811492, at *1 (D. Me. Oct. 5, 2020) (citation omitted), R&R approved, 2020 U.S. Dist. LEXIS 243246, 2020 WL 7753684 (D. Me. Dec. 29, 2020); see also Enwonwu v. Mass. Super. Ct., Fall River, No. 1:12-cv-10703-DJC, 2012 WL 1802056, at *3 n. 7, 2012 U.S. Dist. Lexis 68192, at *9-10 n.7 (D. Mass. May 16, 2012) (citing cases).  Cf. Gerstein v. Pugh, 420 U.S. 103, 108 n.9 (1975) (Younger abstention was not required where federal court ordered state to give pretrial detainees probable cause hearings, as federal court's order "was not directed at the state prosecutions as such, but only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution," and federal court's order to hold preliminary hearings "could not prejudice the conduct of the trial on the merits").  If Mr. Holloway completes the process of exhausting his state remedies and refiles a similar petition while his state prosecutions remain ongoing, the court will address, as appropriate, the implications of the Younger abstention doctrine at that time.

## <u>Certificate of Appealability</u>

Although a certificate of appealability ("COA") is not essential when a habeas petitioner seeks relief under section 2241, the district judge should decline to issue a COA in this case.[7]  A COA may issue "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>see also</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).  When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the inmate shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack</u>, 529 U.S. at 484.  Here, Mr. Holloway has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate

---

[7]<u>See</u> <u>Gonzalez v. Justices of the Mun. Court</u>, 382 F.3d 1, 12 (1st Cir. 2004) ("Where, as here, a habeas petition is governed by section 2241, a certificate of appealability is not essential."), <u>jt. vacated on other grounds by</u> 544 U.S. 918 (2005), <u>and reinstated</u> 420 F.3d 5 (1st Cir. 2005).  <u>But see</u> <u>Winburn v. Nagy</u>, 956 F.3d 909, 912 (6th Cir. 2020) ("The circuit courts speak as one in their holdings that the language of § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254.").

that his failure to exhaust his state remedies bars further
review of his claims at this time.

## Conclusion

For the foregoing reasons, the district judge should:

1.   Direct the clerk's office to update the docket to
reflect that Mr. Holloway's petition for a writ of habeas
corpus was filed under 28 U.S.C. § 2241, and to list the
Superintendent of the HCDOC as the respondent;

2.   Dismiss that petition (Doc. No. 1) in its
entirety, without prejudice, for lack of exhaustion; and

3.   Decline to issue a certificate of appealability.

Any objections to this Report and Recommendation must be
filed within fourteen days of receipt of this notice.  See Fed.
R. Civ. P. 72(b)(2).  The fourteen-day period may be extended
upon motion.  Failure to file objections within the specified
time waives the right to appeal the district court's order.  See
Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir.
2016).

_Andrea K. Johnstone_

Andrea K. Johnstone
United States Magistrate Judge

March 15, 2021

cc:  Dale E. Holloway, Jr., pro se